NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN E. REARDON, JOHN J. REARDON, and JUDITH A. REARDON, <br><br> Plaintiffs, <br><br> v. <br><br> NOEL HILLMAN, JAY SANCHEZ, DESIREE RAMSEY, and RYAN MERRIGAN, <br><br> Defendants. | Civil Action No. 18-1296-BRM-DEA <br><br><br> OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the Complaint of Plaintiffs John E. Reardon, John J. Reardon, and Judith A. Reardon (together "Plaintiffs"). (ECF No. 1.) The Court has screened the Complaint pursuant to the 1994 Standing Order of Chief Judge John F. Gerry ("Standing Order") because Plaintiffs name a District Court judge as a Defendant. For the reasons set forth below, Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE** as to Judge Hillman and **WITHOUT PREJUDICE** as to all other Defendants based on defendants' immunity.

**I. BACKGROUND**

Plaintiffs bring this action against Judge Hillman and Clerk's Office employees Jay Sanchez, Desiree Ramsey, and Ryan Merrigan, alleging violations of their First, Fifth, and Seventh Amendments rights pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the federal analogue to an action under 42 U.S.C. § 1983. The allegations in Plaintiffs' Complaint arise from two other civil actions they are pursuing in this District, *see Reardon v. Segal, et al.*, No. 15-00244 (D.N.J., filed Jan. 13, 2015) and *Reardon v. Officer Mondelli, et. al.*, No. 15-05520 (D.N.J., filed

July 9, 2015), both of which were before Judge Noel Hillman. Plaintiffs claim Judge Hillman and the Clerk's Office employees "refuse[d] to enter default upon demand" in the two above mentioned actions. (ECF No. 1 ¶¶ 3, 4, 6, 9, 10, 13, 16, 18, 19, 23, 27, 28, 35, 48, 50, 51.) Plaintiffs further argue the merits of their underlying cases. Plaintiffs seek over $100,000,000 in compensatory, punitive, exemplary damages, loss of income, and emotional and psychological distress. (*See id.* (Counts 1 through 9).)

## II. LEGAL STANDARD

This matter is before this Court pursuant to the Standing Order because Plaintiffs name a District Court judge as a Defendant. The Court's Standing Order requires that in all cases where a judge of this District is named as a party, the matter shall be assigned to a judge sitting in a different vicinage of this District than the one in which the named judge sits. *See* Court's Order of Jan. 13, 1994. Pursuant to the Standing Order, the Court need not recuse itself if the assigned judge determines the matter to be patently frivolous or if judicial immunity is plainly applicable, but the Court must reassign the matter for transfer outside of this District in the event the matter is neither frivolous nor subject to immunity. *Id.* Because judicial immunity is applicable to the claims in this case, the Court need not recuse under the Standing Order.

## III. DECISION

Plaintiffs bring this action against Judge Hillman and the Clerk's Office employees alleging they violated their First, Fifth, Seventh Amendments rights pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and *Bivens*. (*See* ECF No. 1.) Specifically, Plaintiffs claim Judge Hillman and the Clerk's Office employees "refuse[d] to enter default upon demand" in *Reardon v. Segal* and *Reardon v. Officer Mondelli*, both of which were before Judge Hillman. (ECF No. 1 ¶¶ 3, 4, 6, 9, 10, 13, 16, 18, 19, 23, 27, 28, 35, 48, 50, 51.)

"[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1872). Courts have therefore held that judges are not liable in civil actions, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* at 351. The doctrine of judicial immunity has been determined to be "applicable in suits under § 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, for the legislative record gave no indication that Congress intended to abolish this long-established principle." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). *See also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) ("The Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts."). Because *Bivens* is the federal analogue to an action under 42 U.S.C. § 1983, the doctrine of judicial immunity also applies to such causes of action. *See Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012).

This immunity, however, is not indefinite. Instead, it is "justified and defined by the functions it protects and serves." *Forrester v. White*, 484 U.S. 219, 227 (1988). Immunity does not extend to actions not within the judge's official capacity, nor does it extend to actions taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). To determine whether an act is "judicial," the Court looks to whether the act performed by the judge "is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Gallas*, 211 F.3d at 768-69 (quoting *Stump*, 435 U.S. at 362). In inquiring as to whether an act was performed in the absence of all jurisdiction, and therefore not subject to immunity, the Court must distinguish those acts that were merely performed "in excess of jurisdiction," to which the immunity extends. *Id.* at 769.

Here, Plaintiffs sue Judge Hillman because he did not enter default judgment in their favor. This is clearly "a function normally performed by a judge." *Id.* at 768–69 (quoting *Stump*, 435 U.S. at 362); *see, e.g.*, *Bey v. Bruey*, No. 09-1092, 2009 WL 961411, at *3 (D.N.J. Apr. 8, 2009) (finding that "entering, refusing to enter, or failing to enter default" is a judicial function entitled to immunity); *Fischer v. United States*, No. 02-691, 2003 WL 21262103, *4–*5 (C.D. Cal. 2003) (finding that court clerks were immune from claims that they had obstructed justice and encouraged organized crime by not entering defaults, by entering motions to dismiss as answers, by entering prohibited pre-trial motions, or by altering the sequence of events (numbers and entry dates) while supposedly correctly docketing a case (citation omitted)). Because Plaintiffs allege no facts suggesting Judge Hillman acted in the complete absence of jurisdiction, Judge Hillman is immune from suit.[1] Accordingly, this action is **DISMISSED** in its entirety as to Judge Hillman **WITH PREJUDICE**. Dismissal of the Complaint with prejudice as to Judge Hillman is warranted here as any further amendment would be futile since Judge Hillman is immune from suit.[2]

Judicial immunity may also extend to professionals who assist courts in their judicial function. *See Hughes v. Long*, 242 F.3d 121 (3d Cir. 2001). "Court clerks have absolute quasi-

---

[1] Indeed, Plaintiffs' complaints in *Reardon v. Segal, et al.*, No. 15-00244 (D.N.J. filed Jan. 13, 2015) and *Reardon v. Officer Mondelli, et. al.*, No. 15-05520 (D.N.J. filed July 9, 2015) are brought pursuant to federal jurisdiction and admit Judge Hillman had jurisdiction.

[2] In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment is futile if it "is frivolous or advances a claim . . . that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted). To evaluate futility, the Court uses "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987); *Akins v. Deptford Twp.*, 813 F. Supp. 1098, 1102–03 (D.N.J.), *aff'd*, 995 F.2d 215 (3d Cir.), *cert. denied*, 510 U.S. 981 (1993). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

In *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993), in response to a court reporter asserting a defense of absolute judicial immunity, the Supreme Court revisited the question of when judicial or quasi-judicial immunity should be extended to persons who participate in the judicial function. The Court found judicial immunity is extended to officials other than judges when "their judgments are 'functional[ly] comparab[le]' to those of judges—that is, because they, too, 'exercise a discretionary judgment' as a part of their function." *Id.* at 436 (citations omitted). As such, under this "functional approach," courts must look to the nature of the function performed and not to the identity of the actor performing it. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). The Third Circuit has applied this "functional approach" to hold that court-appointed custody evaluators enjoyed absolute judicial immunity from civil rights liability because they acted as "arms of the court," "a non-judicial person who fulfills a quasi-judicial role at the court's request." *See Hughes*, 242 F.3d at 126.

Courts have noted that "[a] court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute immunity." *Bey*, 2009 WL 961411, at *3 (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997)); *see Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 622–23 (7th Cir. 2002); *In re Castillo*, 297 F.3d 940, 951 (9th Cir. 2002). Moreover, courts in this Circuit and others have extended and continue to extend quasi-judicial immunity to court clerks who are alleged to have acted incorrectly or improperly in the management of a court's docket. *See, e.g.,*

5

*Fischer*, 2003 WL 21262103, *4–*5 (finding that court clerks were immune from claims that they had obstructed justice and encouraged organized crime by not entering defaults, by entering motions to dismiss as answers, by entering prohibited pre-trial motions, or by altering the sequence of events (numbers and entry dates) while supposedly correctly docketing a case (citation omitted)); *Davis v. Phila. Cty.*, 195 F. Supp. 2d 686, 688 (E.D. Pa. 2002) (finding the "Clerk of Judicial Records" was entitled to immunity because he or she was a court staff member acting in his or her official capacity).

In *Bey*, the plaintiff brought a civil action against three Clerk's Office employees alleging the Clerk's Office did not enter default upon plaintiff's request. *Bey*, 2009 WL 961411, at *2. Ultimately, the Court found the entry of default to be a judicial function, warranting immunity. *Id.* at 4. The Court, in analyzing whether or not entering default was a judicial function, stated:

> In the present case, the Federal Rules of Civil Procedure entrust to the Clerk of Court and his deputies the function of determining whether default should be entered. Rule 55(a), Fed.R.Civ.P., provides:
>
>> Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter default.
>
> Fed.R.Civ.P. 55(a).3 Under Rule 55(a), the Clerk is called upon to ascertain, from the proofs submitted, whether the defendant has been served with the summons and complaint in accordance with the rules governing such service, when the service occurred, when the time to answer or otherwise plead has expired, whether the time to answer has been enlarged, and ultimately whether the defendant has failed to plead or otherwise defend. These are highly fact-sensitive determinations of a judicial nature, entrusted to the clerk and deputy clerks. Thus, as stated by a leading commentator, "The clerk's function [in deciding whether to enter default] is not perfunctory. Before entering a default, the clerk must examine the affidavits filed and find that they meet the requirements of Rule 55(a)." 10A Wright, Miller & Kane, Federal Practice and Procedure § 2682 at p. 19 (citations omitted).

*Id.* at 4. Lastly, the Court noted "entering, refusing to enter, or failing to enter default, the clerk and

deputy clerks of court are performing a function at the core of adjudication." *Id.*

Here, Plaintiffs argue the Clerk's Office employees refused to enter a default judgment against the defendants in the other two civil matters. Therefore, like the Clerk's Office employees in *Bey*, the Clerk's Office employees here are also entitled to immunity for the actions they took in their capacities as employees of the United States District Court. The Complaint does not allege the Clerk's Office employees acted in their individual capacities and does not state a claim for a violation of any clearly established constitutional rights so as to waive the Clerk's Office employees' entitlement to immunity. *See Person v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815 (2009) ("The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" (citation omitted)). Accordingly, Judge Hillman and the Clerk's Office employees are immune from suit and this matter is **DISMISSED WITHOUT PREJUDICE** in its entirety. As such, judicial immunity is plainly applicable to the claims in this case and the Court need not recuse under the Standing Order.

IV. **CONCLUSION**

For the reasons stated above, Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE** as to Judge Hillman and **WITHOUT PREJUDICE** as to the Clerk's Office employees. An appropriate order follows.


Date: April 6, 2018                              */s/ Brian R. Martinotti*
                                                 **HON. BRIAN R. MARTINOTTI**
                                                 **UNITED STATES DISTRICT JUDGE**