NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN E. REARDON, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 3:18-cv-1296-BRM-DEA |
| NOEL HILLMAN, *et al.*, | **OPINION** |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are: (1) John E. Reardon's ("Reardon") Motion for relief from judgment pursuant to Rule 60 (ECF No. 18); (2) Reardon's Motion to Amend the Complaint (ECF No. 23); and (3) Reardon's Motion for Recusal (ECF No. 24). Defendants Noel Hillman, U.S.D.J., Jay Sanchez, Desire Ramsey, and Ryan Merrigan (collectively, "Defendants") oppose the Motion for relief from judgment. (ECF No. 21.) Having reviewed the parties' submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, all motions are **DENIED**.

**I.    BACKGROUND**

Plaintiffs Reardon, Judith A. Reardon, and John J. Reardon (collectively "Plaintiffs") brought an action against Judge Hillman and Clerk's Office employees Jay Sanchez, Desiree Ramsey, and Ryan Merrigan, alleging violations of their First, Fifth, and Seventh Amendment rights pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The allegations in Plaintiffs'

Complaint arose from two other civil matters they are pursuing in this District, *see Reardon v. Segal, et al.*, No. 15-00244 (D.N.J., filed Jan. 13, 2015) and *Reardon v. Officer Mondelli, et. al.*, No. 15-05520 (D.N.J., filed July 9, 2015), both of which were before Judge Hillman. Plaintiffs claim Judge Hillman and the Clerk's Office employees "refuse[d] to enter default upon demand" in those matters. (ECF No. 1 ¶¶ 3, 4, 6, 9, 10, 13, 16, 18, 19, 23, 27, 28, 35, 48, 50, 51.) Plaintiffs further argued the merits of their underlying cases and seek $100,000,000 in compensatory, punitive, exemplary damages, loss of income, and emotional and psychological distress. (*See id.* (Counts 1 through 9).)

On April 6, 2018, this Court dismissed Plaintiffs' Complaint with prejudice. (ECF No. 9.) On April 19, 2018, Plaintiffs filed a notice of appeal to the Third Circuit. (ECF No. 14.) On April 28, 2018, the Third Circuit affirmed this Court's dismissal of Plaintiffs' complaint. *See Reardon v. Hillman*, 735 F. App'x 45, 46 (3d Cir. 2018). (ECF No. 20.) Over six months after this Court's initial dismissal of Plaintiffs' Complaint, Reardon filed a Motion for relief from judgment pursuant to Rule 60 (ECF No. 18) and a request setting out additional facts and law (ECF No. 19). Subsequently, on October 31, 2018, Reardon field a Motion to Amend the Complaint. (ECF No. 23.) On November 1, 2018, Reardon filed a Motion for Recusal. (ECF No. 24.) On December 12, 2018, Reardon filed another request to add additional case law to his Rule 60 Motion. (ECF No. 25.)

## II. LEGAL STANDARDS

### A. Motion to Reopen

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 529, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005), as

well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987)). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.*

### B. Motion to Reconsider

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Group, Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.*, No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is " 'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly' ") (citation omitted); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead,

3

Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603-04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id*. Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt., LLC*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA*

*Corp.*, No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 27, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

### III. DECISION

As a preliminary matter, Reardon argues this Court did not have the authority to *sua sponte* screen their Complaint. (ECF No. 18 at 3-4, 8-9.) That argument is incorrect. The Court had the authority to screen the Complaint pursuant to the 1994 Standing Order of Chief Judge John F. Gerry because Plaintiffs named a district court judge as a Defendant.

The remainder of Reardon's Motion argues what the Court previously decided and what the Third Circuit affirmed—that Defendants were not entitled to immunity. (*See* ECF No. 18.) Similarly, Reardon's "additional facts and law" filed in support of his Rule 60(b) motion attempt to demonstrate that the Clerk's Office is not covered by judicial immunity because the acts giving rise to this suit derive from "ministerial" and non-"judicial" duties. (ECF No. 19 at 5.) Reardon is simply attempting to re-litigate issues that have already been decided by this Court and the Third Circuit. *See Reardon v. Hillman*, 735 F. App'x 45, 46 (3d Cir. 2018).

Neither Rule 60(b) motions nor motions to reconsider provide avenues for re-litigating already decided issues. *See Smith*, 853 F.2d at 158; *see also P. Schoenfeld Asset Mgmt., LLC*, 161 F. Supp. 2d at 352. Rule 60 only allows a party to seek relief from judgment "under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez*, 545 U.S. at 529, as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law

or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc.*, 176 F.3d at 677. Reardon has not demonstrated any of these elements.

Moreover, this Court is bound by the Third Circuit's opinion affirming this Court's dismissal of Plaintiffs' Complaint. *See Hutto v. Davis*, 454 U.S. 370, 375 (1982) ("Unless we wish anarchy to prevail within the federal system, a precedent of this Court must be followed by the lower federal courts no matter how misguided[1] the judges of those courts may think it to be."); *Lee v. Cameron*, No. 08-1972, 2015 WL 9598895, at *3 (M.D. Pa. Oct. 13, 2015) ("[T]he orderly functioning of the judiciary would no doubt crumble if trial judges were free to disregard appellate rulings."). Here, the Third Circuit has affirmed this Court's decision and stated:

> The District Court correctly concluded that absolute judicial immunity applies in this case insofar as Reardon claims his injuries stem directly from the failure of District Judge Hillman and the Clerk's Office employees to direct the entry of default judgment in his favor. These actions (or, perhaps more appropriately, refusals) were not taken in the complete absence of jurisdiction but were in furtherance of their official, judicial duties, and thus may not serve as the bases for an award of civil damages. As a result, the District Court appropriately dismissed the complaint. *See Gallas*, 211 F.3d at 770. Accordingly, because this appeal presents no substantial issue, we will grant appellees' motion and summarily affirm the District Court's order of dismissal. *See* Third Circuit LAR 27.4 and I.O.P. 10.6.

*Reardon*, 735 F. App'x at 46. This Court has no authority to deviate from the Third Circuit's ruling in this case.

Notably, a trial court may "consider, as a matter of first impression, those issues not expressly or implicitly disposed of by the appellate decision." *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 950 (1985). However, here, the issues Reardon moves the Court to reconsider are the exact issues decided by the Third Circuit—the extension of judicial immunity to Clerk's

---

[1] Of course, this Court is not suggesting the Third Circuit's ruling was in any way misguided.

Office staff in entering default judgments. Accordingly, Reardon's Motion for relief from the Court's prior Order is **DENIED**.[2]

**IV. CONCLUSION**

For the reasons stated above, Reardon's Rule 60 Motion (ECF No. 18), Motion to Amend (ECF No. 23), and Motion for Recusal (ECF No. 24) are **DENIED.**

Date: January 7, 2019     */s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Because the Third Circuit has affirmed the Court's prior Opinion, his Motion to Amend the Complaint and Motion for Recusal are **DENIED** as **MOOT**. *See, e.g.*, *Lane v. Simon*, No. 04-4079-JAR, 2007 WL 4365433, at *1-2 (D. Kan. Dec. 7, 2007) (denying plaintiffs' Motion for Leave to File Amended Complaint and defendants' Motion to Dismiss as moot due to the Tenth Circuit's affirmance).