<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JOHN E. REARDON, *et al.*, : <br> : <br> Plaintiffs, : <br> v. : <br> : <br> NOEL HILLMAN, *et al.*, : <br> : <br> Defendants. : | Case No. 3:18-cv-1296-BRM-DEA <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff John E. Reardon's ("Reardon") Motion for Relief from Judgment seeking to set aside the prior orders of this Court (ECF Nos. 10 & 27) and the Third Circuit (ECF Nos. 20 & 31) pursuant to Rule 60(b)(4) (ECF No. 32). Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion is **DENIED**.

**I.   BACKGROUND**

Plaintiffs Reardon, Judith A. Reardon, and John J. Reardon (collectively "Plaintiffs") brought an action against Judge Hillman and Clerk's Office employees Jay Sanchez, Desiree Ramsey, and Ryan Merrigan (collectively "Defendants"), alleging violations of their First, Fifth, and Seventh Amendment rights pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The allegations in Plaintiffs' Complaint arose from two other civil matters they are pursuing in this District, *see Reardon v. Segal, et al.*, No. 15-00244 (D.N.J., filed Jan. 13, 2015) and *Reardon*

*v. Officer Mondelli, et. al.*, No. 15-05520 (D.N.J., filed July 9, 2015), both of which were before Judge Hillman. Plaintiffs claim Judge Hillman and the Clerk's Office employees "refuse[d] to enter default upon demand" in those matters. (ECF No. 1 ¶¶ 3, 4, 6, 9, 10, 13, 16, 18, 19, 23, 27, 28, 35, 48, 50, 51.) Plaintiffs further argued the merits of their underlying cases and seek $100,000,000 in compensatory, punitive, exemplary damages, loss of income, and emotional and psychological distress. (*See id.* (Counts 1 through 9).)

On April 6, 2018, this Court dismissed Plaintiffs' Complaint with prejudice. (ECF No. 9.) On April 19, 2018, Plaintiffs filed a Notice of Appeal to the Third Circuit. (ECF No. 14.) On April 28, 2018, the Third Circuit affirmed this Court's dismissal of Plaintiffs' Complaint. *See Reardon v. Hillman*, 735 F. App'x 45, 46 (3d Cir. 2018). (ECF No. 20.) Over six months after this Court's initial dismissal of Plaintiffs' Complaint, Reardon filed a Motion for Relief from Judgment pursuant to Rule 60 (ECF No. 18) and a request setting out additional facts and law (ECF No. 19). Subsequently, on October 31, 2018, Reardon field a Motion to Amend the Complaint. (ECF No. 23.) On November 1, 2018, Reardon filed a Motion for Recusal. (ECF No. 24.) On December 12, 2018, Reardon filed another request to add additional case law to his Rule 60 Motion. (ECF No. 25.)

On January 7, 2019, this Court denied Reardon's Rule 60 Motion (ECF No. 18), Motion to Amend (ECF No. 23), and Motion for Recusal (ECF No. 24) with prejudice. Consequently, on February 4, 2019, Reardon filed a Notice of Appeal to the Third Circuit. (ECF No. 29.) On July 19, 2019, the Third Circuit affirmed this Court's denial of Reardon's motions. *See Reardon v. Hillman,* 773 F. App'x 658, 659 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 852, 205 L. Ed. 2d 463 (2020). (ECF No. 31.) On February 3, 2020, Reardon filed a Motion for Relief from

Judgment pursuant to Rule 60(b)(4). (ECF No. 32.) Seven days later, Reardon filed a request to add additional caselaw and facts to his Rule 60(b)(4) Motion. (ECF. No. 33.)

## II.  LEGAL STANDARDS

### A.  Motion to Reopen

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987)). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.*

### B.  Motion to Reconsider

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Group, Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.*, No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion

for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603-04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id*. Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at \*6 (quoting *P. Schoenfeld Asset Mgmt., LLC*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, No. 05-1771, 2006 WL 3831225, at \*2 (D.N.J. Dec. 27, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

## III.   DECISION

Reardon argues the prior orders from this Court (ECF Nos. 10 & 27) and the Third Circuit (ECF Nos. 20 & 31) are void because they violate his due process rights (*See* ECF No. 32 at 1-2). Specifically, Reardon alleges this Court dismissed the case without providing him prior notice and the right to be heard. (*Id.* at 2.) Reardon additionally claims the Third Circuit denied him the right to be heard and sanctioned void orders from this Court. (*Id.*) Furthermore, Reardon filed "additional facts and law" attempting to demonstrate that he "stated the necessary facts to bar a Rule 12(b) dismissal motion[;]" therefore, the Third Circuit's orders are unenforceable and must be set aside for "a clear error of law and application of the law to the facts." (ECF No. 33 at 2.) Nevertheless, Reardon is simply attempting to re-litigate issues that have already been decided by this Court and the Third Circuit. *See Reardon,* 773 F. App'x at 659.

Neither Rule 60(b) motions nor motions to reconsider provide avenues for re-litigating already decided issues. *See Smith*, 853 F.2d at 158; *see also P. Schoenfeld Asset Mgmt., LLC*, 161 F. Supp. 2d at 352. Rule 60 only allows a party to seek relief from judgment "under a limited set

of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez*, 545 U.S. at 529, as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc.*, 176 F.3d at 677. Reardon has not demonstrated any of these elements.

Moreover, this Court is bound by the Third Circuit's opinions affirming this Court's dismissal of Plaintiffs' Complaint. *See Hutto v. Davis*, 454 U.S. 370, 375 (1982) ("Unless we wish anarchy to prevail within the federal system, a precedent of this Court must be followed by the lower federal courts no matter how misguided[1] the judges of those courts may think it to be."); *Lee v. Cameron*, No. 08-1972, 2015 WL 9598895, at *3 (M.D. Pa. Oct. 13, 2015) ("[T]he orderly functioning of the judiciary would no doubt crumble if trial judges were free to disregard appellate rulings."). Here, the Third Circuit has affirmed this Court's decision and stated:

> Nor did the District Court err in denying Reardon's request to amend his complaint. The District Court provided Reardon with an opportunity to amend his complaint when it initially dismissed it, but Reardon instead chose to appeal immediately. While Fed. R. Civ. P. 15(a) gives district courts broad discretion to permit amendment, "the liberality of the rule is no longer applicable once judgment has been entered," and instead, amendment "cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60." *Ahmed v. Dragovich*, 297 F.3d 201, 207–08 (3d Cir. 2002) (quotation marks omitted). As just noted, Reardon provided no valid basis to reopen the judgment under Rule 60(b). Moreover, insofar as Reardon merely reasserted essentially the same claims that this Court had already concluded were barred by the defendants' immunity, any amendment would have been futile. *See generally id.* at 209.

---

[1] Of course, this Court is not suggesting the Third Circuit's ruling was in any way misguided.

*Reardon*, 773 F. App'x at 659. This Court has no authority to deviate from the Third Circuit's rulings in this case.

Notably, a trial court may "consider, as a matter of first impression, those issues not expressly or implicitly disposed of by the appellate decision." *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 950 (1985). However, here, the issue Reardon moves the Court to reconsider is the exact issue decided by the Third Circuit—the request for relief pursuant to Rule 60(b)(4).

Accordingly, Reardon's Motion for relief from the prior orders of this Court and the Third Circuit is **DENIED**.

### IV. CONCLUSION

For the reasons stated above, Reardon's Rule 60(b)(4) Motion is **DENIED.** An appropriate order will follow.

Date: September 25, 2020                         */s/ Brian R. Martinotti*
                                                 **HON. BRIAN R. MARTINOTTI**
                                                 **UNITED STATES DISTRICT JUDGE**